IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD L. DONOWAY                :
                                 :
       v.                        :   CIVIL ACTION NO. AMD-97-4253
                                 :
FREIGHT DRIVERS AND HELPERS      :
  LOCAL UNION NO. 557            :            ___FILED    ___ENTERED
ROADWAY EXPRESS, INC.            :            ___LODGED   ___RECEIVED
                       ..oOo..
                                              OCT 2 1 1999

                                              AT BALTIMORE
                                              CLERK U.S. DISTRICT COURT
                    O R D E R                 DISTRICT OF MARYLAND
                                         BY                    DEPUTY

     By order entered on August 24, 1999, Judge Andre M. Davis

granted the defendants Freight Drivers and Helpers Local Union No.

557 ("Union") and Roadway Express, Inc.'s ("Roadway") summary

judgment motions and entered judgment in favor of the defendants

and against the plaintiff.  (Paper No. 38.)

     On September 8, 1999, defendant Union filed a Motion for

Taxation of Costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28

U.S.C. § 1920, seeking the award of $3,671.05 in costs related to

fees of the court reporter for transcribing depositions; fees for

witnesses; and fees for exemplification and copies of papers.

(Paper No. 39.)

     Plaintiff has filed a response to the Union taxation request,

arguing that no costs should be taxed against him because of his

limited financial resources.  (Paper No. 40.)  He claims that if

costs were assessed he "would be unable to pay as he has limited

income and large expenditures which exceed his income per month." (Id. at 2.) Mr. Donoway further requests that if costs are taxed that they be reduced to reflect reasonable copy work costs (2 copies of exhibits[1] and necessary exhibit material)[2] and reasonable deposition costs (those deposition pages which were actually used as exhibits to the summary judgment motion or 24 to 28% of the transcripts). (Id. at 2-6.) Union has filed a reply thereto. (Paper No. 42.)

In addition, on September 28, 1999, defendant Roadway filed a taxation request seeking reimbursement for $2,482.45 in transcript costs. (Paper No. 41.) Plaintiff opposes this Bill of Costs, arguing that Roadway filed it too late. (Paper No. 43.)

The undersigned Clerk of the Court has examined the aforementioned pleadings. The matter is ready for consideration at this time. No hearing is deemed necessary. See Local Rule 105.6 (D.Md.).

Defendant Roadway's Bill of Cost

---

[1] The reference to "exhibits" in this opinion pertains to defendant Union's affidavit, exhibit and deposition attachments which accompany its dispositive motion.

[2] Plaintiff claims that he could have furnished defendant Union the subpoenaed documents provided by the Maryland-District of Columbia Committee without cost and that Union did not use any of these documents in support of its motion.

As already indicated, judgment was entered on August 24, 1999. Local Rule 109.1.a provides that a Bill of Costs **shall** be filed within twenty days of the entry of a judgment or the entry of an order denying a motion filed under Federal Rules of Civil Procedure 50(b), 52(b) or 59. (Emphasis added). Non-compliance with these time limits is deemed a waiver of costs. In filing its Bill of Costs over thirty days after the entry of judgment, defendant Roadway has failed to comply with the time limits set forth in Local Rule 109.1.a. Its Bill of Costs shall be denied in its entirety.

Defendant Union's Bill of Costs

Each cost request filed by defendant Union shall be examined seriatim.

*Fees for Deposition Transcripts*

The Clerk may tax the costs of depositions under Fed. R. Civ. P. 54(d) where they are necessary for the case. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). To determine if a deposition expense is taxable, the undersigned must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking." It is

3

not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial.  See Advance Business Systems & Supply Co. v. SCM Corporation, 287 F. Supp. 143, 165 (Md. 1968), aff'd as modified, 415 F.2d 55 (4th Cir. 1969), cert. denied, 397 U.S. 920 (1970); see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987), cert. denied, 484 U.S. 1065 (1988).

While a court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority in this district is more limited.  In this district, the Clerk has traditionally allowed the costs associated with deposing the parties in the case; has allowed the costs of those depositions that were actually used in connection with the event that terminated the litigation; and has further permitted the taxation of those depositions of trial witnesses.

Given the boundaries of my authority, the undersigned Clerk shall allow the entire taxation request as to this item, inasmuch as it involves the depositions of plaintiff Donoway and other depositions which were relied on by defendant Union in its motion for summary judgment.  (See Paper No. 33 at Exs. H-R.)  The assessed deposition costs are as follows:

```
Frank V. Imbraglio.....................................$386.75
Thomas Connelly/John R. McGronan....................... 327.25
Ronald Donoway (Volume I).............................. 771.40
Ronald Donoway (Volume II)............................. 446.60
David M. Hart.......................................... 110.25
Frank M. Ellis.........................................  68.25
Melvin Shelton.........................................  70.00
Glenn Harris........................................... 143.50
Robert F. Lowery....................................... 539.40
Phillip Dacheux........................................ 182.00
Brian Guldan...........................................  35.00
```

Therefore, deposition costs shall be awarded in the amount of $3,080.40.

*Fees for Witnesses*

Defendant Union seeks $43.20 in witness fees related to Robert Lowery's attendance at his March 29, 1999 deposition. Statutory witness fees set out under 28 U.S.C. § 1821(b) may be taxed for attendance at a deposition when the deposition has been taxed as costs in the case. Because the Lowery deposition was taxed in full, the witness fee of $40.00 shall be allowed here.[3]

*Fees for Exemplification of Papers*

Defendant Union seek some $547.45 in copy work costs. Approximately $78.85 of those costs are attributable to photocopy

---

[3] The cost of serving the deposition subpoena by certified mail is not recoverable under this item.

5

fees associated with documents obtained from the Joint Maryland-District of Columbia Area Committee, a number of which were indeed listed as exhibits to Union's summary judgment motion. The remaining portion of this item pertains to $468.60 in costs associated with preparing six copies of the exhibits filed in support of Union's dispositive motion.

Historically, copy work has been viewed as general office overhead and has not been allowed by the Clerk as a reimbursable cost. Advance Business Systems & Supply Co. v. SCM Corporation, 287 F. Supp. at 165. This position has been reconsidered by the Clerk in this district in light of the opinions of this Court. In the case of Stratton v. Equitable Bank, Civil Action No. HAR-88-1485, Senior District Judge John Hargrove found that "(P)hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." c.f. Sun Publishing Company, Inc. v. Mecklenburg News, Inc., 594 F. Supp. 1512, 1524 (E.D. Va. 1984). See also Purity Products, Inc. v. Tropicana Products, Inc., Civil Action No. H-86-2319.

The Clerk has reviewed this cost request and shall allow said item in part. Defendant Union claims that five of the Maryland-District of Columbia Joint Area Committee's documents were used as exhibits which accompanied its summary judgment motion.

Unfortunately, defendant Union's materials do not delineate the number or per page cost of the copy work.[4] Without such information I have no way of determining whether the cost for the photocopying was reasonable. Therefore, this cost shall be disallowed. To the extent that Union seeks reimbursement for the in-house copying of six sets of 781 pages of exhibits at $.10 a page, this cost shall be reduced to allow for the taxation of photocopy costs for five sets of exhibits or $390.50.[5]

The Clerk duly notes plaintiff's financial hardship exceptions to the taxation request, but does not find his argument compelling. Fed. R. Civ. P. 54(d)(1) makes clear that in the ordinary course a prevailing party is entitled to an award of costs. All plaintiffs are faced with the possibility that costs or fees shall be awarded against them when they file a civil action. There is nothing in Fed. R. Civ. P. 54(d) which supports the "[c]ounterintuitive notion that litigants with 'modest means' should be treated more leniently than *in forma pauperis* litigants regarding the assessments of costs." Cherry v. Champion Int'l Corp., 186 F.3d 442, 447-48 (4th

---

[4] The invoice from Lantagne Legal Printing only indicates that "2 copies of *numerous* documents" were provided.

[5] Defendant Union asserts that this Court *required* counsel to provide it three sets of exhibits. Consequently, Union shall be allowed costs for those three exhibit copies, as well as the copies for plaintiff and defendant Roadway.

Cir. 1999). Plaintiff's limited income and large expenditures seems to be immaterial for taxation purposes. <u>Smith v. Southeastern Pennsylvania Transportation Authority</u>, 47 F.3d 97, 99-100 (3rd Cir. 1995). I further observe that Judge Davis did not indicate that the parties were to bear their own costs. As the Clerk of the Court, I am without the discretionary authority to direct that costs be disallowed in light of the financial hardship factors articulated by the plaintiff. Therefore, as one of the prevailing parties, defendant Union is entitled to the award of costs.

For the aforementioned reasons, defendant Roadway's Bill of Costs shall be denied. Defendant Union shall be awarded costs in the amount of $3,510.90. This Order shall be docketed and mailed to all counsel in this case.

Dated this 21st day of October, 1999.

Felicia C. Cannon
Clerk of the Court